No. 50,681

STATE OF KANSAS, *Appellee,* v. CRAIG M. BRYANT, *Appellant.*

(613 P.2d 1348)

Opinion filed July 18, 1980.

*Mel Gregory,* of Wichita, argued the cause and was on the brief for the appellant.

*Michael Barbara,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Vern Miller,* district attorney, and *Stuart W. Gribble,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Craig M. Bryant appeals from his conviction by jury trial of aggravated robbery (K.S.A. 21-3427).

On June 15, 1978, a service station attendant, Jimmie L. Stevens, was shot and killed during a robbery of the Universal Service Station on North Ohio Street in Wichita. A few days later defendant and Clarence Ferguson were arrested for the crimes committed at the service station. Each man was offered immunity in exchange for testifying against the other. Ferguson accepted the offer and testified for the State at defendant's trial. Defendant was charged with first degree felony murder (K.S.A. 21-3401), unlawful possession of a firearm (K.S.A. 21-4204), and aggravated robbery (K.S.A. 21-3427). Defendant was acquitted of the murder and firearms charges, but was convicted on the aggravated robbery charge. Six months after his conviction defendant filed a motion for new trial based on newly discovered evidence. The motion was overruled. Defendant appeals from his conviction and the denial of his motion for a new trial.

The first issue on appeal is whether the trial court erred in

refusing to admit evidence offered by defendant of prior and subsequent criminal conduct of the State's witness, Clarence Ferguson. The evidence was offered for impeachment purposes and to prove identity pursuant to K.S.A. 60-455.

Some additional facts are necessary to place the issue in perspective. The testimony of both defendant and Ferguson is in agreement on certain facts. It is undisputed that on the night of the robbery both men were riding around in Wichita in defendant's automobile. They agree that they drove to the service station in question. Both agree that the aggravated robbery and killing of Jimmie Stevens occurred while they were at the station. Each man testified the crimes were essentially the individual effort of the other.

Defendant sought to introduce evidence pursuant to K.S.A. 60-455 of a prior conviction and both prior and subsequent criminal conduct to prove Ferguson's "identity" as the perpetrator of the crimes for which defendant was standing trial. Defense counsel characterized the trial as a liars' contest and alleged under the circumstances such evidence was admissible on the identity ground of K.S.A. 60-455.

The proffered evidence related to (1) a 1974 conviction of aggravated robbery of the operators of a potato chip truck; (2) a relatively recent acquittal of an aggravated robbery of a pawnshop charge; and (3) pending charges of aggravated robbery, aggravated sodomy, and rape arising out of a flower shop robbery, the incident having occurred subsequent to the crimes herein. The trial court held that K.S.A. 60-455 applied to witnesses in criminal cases and admitted evidence of the potato chip truck robbery to prove the identity of the perpetrator of the crimes for which defendant was charged and for impeachment purposes. The trial court excluded evidence of the pawnshop and flower shop incidents as not being sufficiently similar in nature to the present charges.

K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

By way of explanation of the statutes referred to in K.S.A. 60-455, K.S.A. 60-447 relates to character trait as proof of conduct; K.S.A. 60-448 relates to character trait for care or skill; and K.S.A. 60-445 relates to discretion vested in the trial judge in determining questions arising under the rules of evidence set forth in Article 4 of Chapter 60 of the Kansas Statutes Annotated.

The threshold question is whether K.S.A. 60-455 is applicable to witnesses in criminal cases.

K.S.A. 60-455 is extensively discussed in *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974). No effort will be made to quote the entire *Bly* opinion, but the following is particularly noteworthy:

"The legal concepts contained in 60-455 may be found in Kansas decisional law as it existed prior to the adoption of the statute. As early as the turn of the century the general rule was recognized that testimony as to the commission of offenses by a defendant in a criminal case, not in any way connected with that charged in the information, and which would tend to degrade and prejudice him, should be carefully excluded from the jury. (*The State v. Kirby,* 62 Kan. 436, 63 Pac. 752.) Exceptions were recognized to the rule prior to the adoption of 60-455. The general rule and the exceptions which developed have been repeatedly recognized and applied by many decisions of this court. . . .

. . . .

"It is suggested by the authors of Vernon's Kansas Statutes Annotated, Code of Civil Procedure, at page 376, that evidence of other offenses is ordinarily excluded because of the great danger of prejudice to the defendant which would result from the admission of such evidence. The authors point out there are at least three types of prejudice which might result from the use of other crimes as evidence. First, a jury might well exaggerate the value of other crimes as evidence proving that, because the defendant has committed a similar crime before, it might properly be inferred that he committed this one. Secondly, the jury might conclude that the defendant deserves punishment because he is a general wrongdoer even if the prosecution has not established guilt beyond a reasonable doubt in the prosecution at hand. Thirdly, the jury might conclude that because the defendant is a criminal, the evidence put in on his behalf should not be believed. Thus, in several ways the defendant may be prejudiced by such evidence.

"Since the enactment of 60-455 it has been broadly stated by this court on several occasions that the rule of evidence stated in 60-455 as applied to criminal proceedings has not materially changed the case law as it developed in Kansas prior to the enactment of that statute. (*State v. Wright,* supra.) [194 Kan. 271, 398 P.2d 339.] This statement is not entirely correct because as a matter of fact the provisions of 60-455 more strictly limit the admissibility of evidence of other crimes than did the case law as it existed prior to its enactment. Our decisions interpreting 60-455 have established certain basic principles as guidelines to be followed by the trial courts in applying the statute. By way of summary some of these basic principles are the following:

"1. By its specific language 60-455 makes inadmissible evidence of other crimes or civil wrongs to prove the defendant's *disposition* to commit crime. Our more

recent cases hold without equivocation that K.S.A. 60-455 expressly excludes evidence of other crimes if its only purpose is to show the defendant's disposition, inclination, attitude, tendency or propensity to commit crime. (*State v. Clingerman,* 213 Kan. 525, 516 P.2d 1022; *State v. Seely,* 212 Kan. 195, 510 P.2d 115; *State v. Taylor,* 198 Kan. 290, 424 P.2d 612; and *State v. Jenkins,* 203 Kan. 354, 454 P.2d 496.) We specifically disapprove the language in *State v. Lewis,* 195 Kan. 389, 405 P.2d 796, and that of any other cases where we have stated that evidence of other crimes is admissible to prove inclination, tendency or any other words which mean the same as 'disposition' to commit crime.

"2. To be admissible under 60-455 evidence of a prior conviction must be relevant to prove one or more of the material factors of proof specified in the statute. There are eight of them listed: *i.e.,* (1) motive, (2) opportunity, (3) intent, (4) preparation, (5) plan, (6) knowledge, (7) identity and (8) absence of mistake or accident. (*State v. Clingerman,* supra [p. 527].)

"3. The rule set forth in 60-455 is to be strictly enforced. This means that evidence of other offenses or civil wrongs is not to be admitted without a good, sound reason. The rule of strict enforcement is recognized in *State v. Gunzelman,* 210 Kan. 481, 488, 502 P.2d 705; *State v. Anderson,* 202 Kan. 52, 446 P.2d 844; and *State v. Wright,* supra.

"4. In determining whether or not to admit evidence of other crimes a trial court must employ a 'balancing' procedure, *i.e.* a court must weigh the probative value of the evidence offered against its tendency to prejudice the jury. If the potentiality of natural bias and prejudice overbalances the contribution to the rational development of the case, the evidence must be barred. We wish to emphasize in passing that if trial judges content themselves with merely determining whether the particular evidence of other crimes fits into one of the approved exceptions, they may lose sight of the underlying policy of protecting the accused against unfair and sometimes unbridled prejudice. (M. C. Slough, *Other Vices, Other Crimes: An Evidentiary Dilemma,* 20 Kan. L. Rev. 411.) The obligation of a trial court to exercise its sound judicial discretion in determining the admissibility of other crimes is discussed in some depth in *State v. Davis,* 213 Kan. 54, 515 P.2d 802. In *Davis* we emphasized that relevancy is not the only test to be applied in determining whether or not evidence of other crimes has probative value. Probative value consists of more than logical relevancy. Evidence of other crimes has no real probative value if the fact it is supposed to prove is not *substantially in issue.* In other words the element or elements being considered (*e.g.,* intent, motive, knowledge, identity, etc.) must be substantially in issue in the case before a trial court should admit evidence of other crimes to prove such elements. Examples might be helpful. Where criminal intent is obviously proved by the mere doing of an act, the introduction of other crimes evidence has no real probative value to prove intent. Where an armed robber extracts money from a store owner at gunpoint his felonious intent is obvious from the act itself and is not really in dispute. Hence evidence of other robberies to prove intent should not be admitted since the element of intent is not really at issue in the case. Likewise where a defendant admits that he committed the act and his presence at the scene of the crime is not disputed, a trial court should not admit other crimes evidence for the purpose of proving identity. The obvious reason is that such evidence has no probative value in the case. To summarize, other crimes evidence has no probative

value if the fact it is supposed to prove is not substantially in issue, because such evidence fails to advance the search for truth; it serves no purpose to justify whatever prejudice it creates, and must be excluded for that reason." (pp. 173-176.) (Emphasis in original.)

It is true that K.S.A. 60-455 speaks of "person" rather than "defendant." However, defendant can take no refuge in the use of the term "person." One must bear in mind that the statute also applies to civil actions where the acts of a plaintiff or, say, a nonparty agent for a party principal might be at issue. K.S.A. 60-455 has been before this court in numerous cases and our research has disclosed no instance where its applicability to witnesses in criminal cases has been even intimated.

In *State v. Johnson,* 219 Kan. 847, 549 P.2d 1370 (1976), the defendant sought on various grounds to introduce evidence of prior criminal activity by a witness. The relevant syllabi are:

"[4] Under K.S.A. 60-421 only convictions of crimes involving dishonesty are admissible to impeach the credibility of a witness."

"[5] Under K.S.A. 60-422(*d*) evidence of specific instances of misconduct of a witness relevant only as tending to prove a trait of his character is inadmissible where offered for the sole purpose of attacking the credibility of the witness."

"[6] K.S.A. 60-455 has no applicability to evidence offered to impeach the credibility of a witness."

## Corresponding portions of the opinion are as follows:

"Defendant next alleges that the trial court erred in refusing to permit counsel to cross-examine one of the state's witnesses about an alleged arrest for housebreaking several weeks earlier. The contention is without merit. The evidence could have no conceivable relevance except to affect the credibility of the witness. Attacks on credibility are covered by K.S.A. 60-421 and 422. Section 421 provides:

" 'Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility.'

The clear import is that only relevant *convictions* are admissible. The witness had not been convicted.

"Section 422 in part provides:

" 'As affecting the credibility of a witness . . . (*d*) evidence of specific instances of his conduct relevant only as tending to prove a trait of his character, shall be inadmissible.'

This latter section was most recently discussed in *State v. Humphrey,* 217 Kan. 352, 363-4, 537 P.2d 155. There the defendant sought to cross-examine on and introduce direct evidence of specific instances of a state drug agent's past activities in the world of vice. We concluded that because the evidence went solely to credibility § 60-422(*d*) made it inadmissible. See Syl. para. 9. Under that rule evidence of this specific instance of wrongdoing which had not resulted in a conviction was clearly inadmissible, as the trial court ruled.

"Appellant also cites K.S.A. 60-455, but we are unable to see how that section is applicable. It 'is directed against the idea that when it is shown that a person committed a crime on a former occasion there arises an inference that he has a disposition to commit crime and therefore committed the crime with which he is now charged.' (Advisory Committee Notes in Gard, Kansas Code of Civil Procedure Annotated, § 60-455. See also, *State v. Bly,* 215 Kan. 168, 523 P.2d 397.) The witness here was, of course, not charged with a crime, and 60-455 is simply not pertinent." (pp. 851-52.) (Emphasis in original.)

In our opinion, the extension of K.S.A. 60-455 to witnesses in criminal cases, other than the accused, would defeat the limited purpose and permissible use of the statute as previously construed by this court. The fallacy of extending the application of the statute to witnesses in criminal cases is well demonstrated by its use in the case before us. The trial court admitted Ferguson's conviction of the potato chip truck robbery to identify Ferguson as the perpetrator of the service station robbery and murder. Ferguson was not a defendant in the case and his guilt or innocence could never properly be a matter for this jury's determination. The following instruction was given to the jury:

"Instruction No. 11

"Evidence has been admitted tending to prove that a witness, Clarence E. Ferguson, committed certain crimes other than the offenses charged against the defendant. That evidence may be considered solely for two purposes, and no other purposes, those two purposes being as follows:

"1. In relation to the issue raised by the defendant of the identity of said Clarence E. Ferguson as the person committing the offenses in Counts One and Two with which the defendant is charged, those offenses commonly being called First Degree Murder, or 'Felony Murder,' and Aggravated Robbery, respectively.

"2. As it might affect the credibility of the testimony of the witness, Clarence E. Ferguson."

Contrast this instruction with PIK Crim. 52.06:

"Evidence has been admitted tending to prove that the defendant committed (crimes) (a crime) other than the present crime charged. This evidence may be considered solely for the purpose of proving the defendant's (motive) (opportunity) (intent) (preparation) (plan) (knowledge) (identity) (absence of mistake or accident)."

Note how the PIK instruction correctly limits the use of such evidence to one or more material factors of proof specified in the statute; whereas, paragraph one of the trial court's instruction, while flying the flag of "identity," is little more than an instruction saying that the evidence is to be considered by the jury in

determining whether Clarence Ferguson committed the crimes for which defendant was charged and, hence, which version of the offense should be believed.

Ferguson and defendant each testified to different versions as to what transpired at the service station. Each placed the commission of the crimes on the other. Obviously, defendant desired that the jury believe his version rather than Ferguson's version. The credibility of Ferguson was a factor in the trial. Evidence of prior criminal conduct of Ferguson would be subject to the limitations of K.S.A. 60-421, which provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his or her credibility. If the witness be the accused in a criminal proceeding, no evidence of his or her conviction of a crime shall be admissible for the sole purpose of impairing his or her credibility unless the witness has first introduced evidence admissible solely for the purpose of supporting his or her credibility."

The potato chip truck robbery was the only incident which had resulted in conviction. The pawnshop incident had resulted in acquittal and the charges were pending on the flower shop incident. Evidence of the latter two incidents would, accordingly, on its face not be admissible under K.S.A. 60-421.

We therefore conclude that K.S.A. 60-455 does not apply to a witness in a criminal case other than the accused, and evidence that such a witness may have committed a crime or civil wrong cannot be introduced thereunder. It follows that the trial court did not err in refusing to admit evidence relative to the pawnshop and flower shop incidents offered pursuant to K.S.A. 60-455. As previously stated, inasmuch as neither incident had resulted in a conviction, such evidence on its face was inadmissible under K.S.A. 60-421. No reversible error is shown on this issue.

The next issue is whether the trial court erred in instructing the jury under the aiding and abetting statute, K.S.A. 21-3205.

Defendant was charged as a principal. The following instruction was given:

"Instruction No. 8

"With respect to the charges in Counts One and Two, First Degree Murder, or 'Felony Murder,' and Aggravated Robbery, respectively, you are further instructed that a person is criminally responsible for a crime committed by another if, either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he aids, abets, advises or counsels the other to commit the crime. A person who so aids, abets, advises or

counsels another to commit the crime is guilty of the crime charged regardless of the extent of his participation.

"You are therefore instructed in this case that if you find beyond a reasonable doubt that the defendant, Craig M. Bryant, knowingly counseled, aided, abetted or advised Clarence E. Ferguson in the commission of the crime or crimes charged in the Information, as defined in instructions numbered two (2) and three (3), then he, individually, is guilty of such crimes as though he, by himself, without assistance, committed those crimes."

Defendant objected to the instruction on the ground that under the evidence he was either the principal (Ferguson's version) or a nonparticipant (defendant's version). The same contention is made on appeal. Defendant further argues that such instruction permitted a compromise verdict. The jury was not obligated to accept either version in toto. From the totality of the evidence the jury could have reasonably concluded that Ferguson was the principal and that defendant aided or abetted Ferguson in the robbery. No error is shown in the giving of the aiding and abetting instruction.

Defendant's next issue is whether the trial court erred in not compelling Clarence Ferguson to testify at the hearing on defendant's motion for a new trial, which was based on alleged newly discovered evidence.

Some additional facts are necessary to the determination of this issue. The motion was filed several months after defendant's conviction. At the time, Ferguson and defendant were both inmates at the Kansas State Penitentiary. The basis for the motion was the alleged recantation of Ferguson's testimony at Bryant's trial. Defendant offered two exhibits, a letter and an affidavit, both purportedly written by Ferguson, recanting Ferguson's prior testimony. At the hearing, Ferguson and defendant Bryant were both present and represented by counsel. A third inmate, who allegedly had a conversation relevant hereto with Ferguson, was also present and represented by counsel.

At the hearing, upon advice of counsel, Ferguson refused to testify, asserting the Fifth Amendment privilege against self-incrimination. As a result of Ferguson's assertion of his Fifth Amendment rights, the exhibits were not admitted inasmuch as the witness was not available for cross-examination by the State. Defendant argues the State could have granted Ferguson further immunity which would have made the witness available. Defendant appears to argue that somehow the court should have compelled the State to grant immunity to the witness.

K.S.A. 22-3415 provides:

"The provisions of law in civil cases relative to compelling the attendance and testimony of witnesses, their examination, the administration of oaths and affirmations, and proceedings as for contempt, to enforce the remedies and protect the rights of the parties, shall extend to criminal cases so far as they are in their nature applicable, unless other provision is made by statute.

"The county or district attorney or the attorney general may at any time, on behalf of the state, grant in writing to any person immunity from prosecution or punishment on account of any transaction or matter contained in any statement or about which such person shall be compelled to testify and such statement or testimony shall not be used against such person in any prosecution for a crime under the laws of Kansas or any municipal ordinance. *After being granted immunity from prosecution or punishment, as herein provided, no person shall be excused from testifying on the ground that his testimony may incriminate him unless such testimony is a violation of federal law. He shall not 'be granted immunity from prosecution for perjury or false statement or any other crime committed in giving such evidence.*" (Emphasis added.)

Clearly, the statute precluded the State from granting immunity to Ferguson for perjury in Bryant's trial.

Finally, defendant argues the exhibits should have been admitted pursuant to K.S.A. 60-460(*j*) as declarations against interest. In *State v. Prince,* 227 Kan. 137, 147, 605 P.2d 563 (1980), this court stated:

"The test of admissibility under K.S.A. 60-460(*j*) was correctly stated in *Thompson v. Norman,* 198 Kan. 436, 424 P.2d 593 (1967). This court stated the statute requires, as a 'preliminary measure of trustworthiness' the trial judge make a finding, prior to admitting a declaration against interest, that

" 'the character of the declaration was of such nature a reasonable man would not make it unless he believed it to be true. Probability of veracity is the safeguard sought; the reasonable man test is the criterion to be used. The judge may in a particular case be faced with a difficult decision where caution should be exercised; in making it he necessarily must be vested with a wide discretion.

. . . .

" 'In determining admissibility he may consider the nature and character of the statement, the person to whom it was made, the relationship of the parties, the probable motivation of the declarant in making the statement, and the circumstances under which it was made.

" 'The burden was upon the defendant to satisfy the foundational requirements prior to admission of the declaration. Whether these requirements were satisfied is a matter committed to the discretion of the trial judge.' *Thompson v. Norman,* 198 Kan. at 443."

Although the same are not in the record, the court mentioned at the hearing that it had received letters, purportedly from Fer-

guson, recanting the offered exhibits and, in effect, reinstating Ferguson's trial testimony. Under the totality of the circumstances, did the trial court commit an abuse of discretion in failing to admit the exhibits pursuant to K.S.A. 60-460(j)? We think not. We find no reversible error in the trial court's denial of defendant's motion for a new trial.

As his final issue on appeal defendant contends he was denied effective assistance of counsel at trial. The standard for determining effective assistance of counsel was last set forth in *State v. Rice*, 227 Kan. 416, 418-19, 607 P.2d 489 (1980), wherein we approved the following from *Schoonover v. State*, 2 Kan. App. 2d 481, Syl. ¶ ¶ 2-4, 582 P.2d 292, *rev. denied* 225 Kan. 845 (1978):

" 'The right to effective assistance of counsel presupposes that counsel will be competent and capable of conducting a genuine defense on behalf of the accused. While the law does not guarantee the assistance of the most brilliant and experienced counsel, it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed.

" 'Conduct of defense counsel which is so dishonest, incompetent or inadequate as to amount in practical effect to no counsel at all clearly violates a defendant's Sixth Amendment right to counsel. However, conduct which amounts to a substantial deviation from that expected of a reasonably competent lawyer in the community, such that no lawyer of average ability would engage in it, and which causes the client's conviction or otherwise works to the client's substantial disadvantage, is also a deprivation of the constitutional guarantee of "effective" counsel.

" 'In applying the foregoing standard to counsel's performance, the effective assistance of counsel cannot be equated with the successful assistance of counsel. The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells.' "

Defendant's complaint is predicated on the fact that his own testimony placed him at the scene of the crime. In view of Ferguson's testimony, as well as other evidence introduced at trial, had defendant not testified there was a strong possibility defendant would have been convicted on all three counts, including felony murder. Applying the *Schoonover* test, we have no hesitancy in concluding this point is wholly without merit.

The judgment is affirmed.