No. 57,131

STATE OF KANSAS, *Appellee,* v. ROBIN SANFORD, *Appellant.*

(699 P.2d 506)

Opinion filed May 10, 1985.

*Jeffrey F. Spears,* district defender, was on the brief for appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

*Kenneth M. Carpenter,* of Carpenter & Carpenter, Chartered, of Topeka, argued the cause and was on the brief amicus curiae.

The opinion of the court was delivered by

HOLMES, J.: Robin C. Sanford appeals from his conviction by a jury of one count of attempted aggravated robbery (K.S.A. 1984 Supp. 21-3301 and K.S.A. 21-3427), and one count of felony first-degree murder (K.S.A. 21-3401). Numerous points are raised on appeal, none of which constitute reversible error. We affirm.

Joseph Silver was last seen alive at his Topeka store, the Silver Fur Company, at approximately 9:00 p.m. on January 18, 1984. His body was discovered on the floor of the store approximately forty minutes later. He had been shot at close range three times with a .22 caliber weapon. Nothing was reported missing from the store although some money was found on the floor. There was also money in the victim's pants pocket. The defendant denied any knowledge of or connection with the murder, although he did admit to being in the immediate area of the Silver Fur Company at the approximate time of the murder. Willie R.

Graves, Jr., gave the police statements implicating defendant in the murder. A gun, later determined to be the murder weapon, was found in a car owned by a man named Glen Johnson. In exchange for their testimony against defendant, Graves was granted immunity for his participation in the crime and Johnson was granted immunity for his involvement in three earlier armed robberies. Additional facts will be set forth as they relate to the various issues on appeal.

The first issue on appeal is whether the trial court erred in admitting testimony concerning defendant's involvement in two prior armed robberies. Glen Johnson testified that approximately one month before Silver's murder Johnson and Sanford had borrowed the gun, later determined to be the Silver murder weapon, for the purpose of robbing Johnson's former employer, the Country Inn Motel. He testified that he and Sanford planned and participated in two robberies of the motel on December 24, 1983, and January 15, 1984. Prior to trial defendant filed a motion in limine to suppress this testimony under K.S.A. 60-455 on the grounds that outside of Johnson's "self-serving" testimony, there was no reason to believe Sanford participated in those crimes, and that rather than showing intent as the State contended, the testimony was offered solely to prove disposition to commit crime. The State responded the evidence was "vitally important" to establish defendant's motive and intent for entering Silver Fur Company on the night of the murder. As the defendant was charged with murder in the first degree based upon the theory that Silver was killed during an attempted robbery, it was imperative for the State to prove the existence of the underlying felony. The district court denied defendant's motion, concluding "the testimony is relevant to prove motive and/or intent, that such facts are substantially in dispute, and that the probative value of the evidence outweighs its prejudicial effect." In *State v. Faulkner*, 220 Kan. 153, Syl. ¶ 1, 551 P.2d 1247 (1976), we considered the admissibility of prior crimes evidence and held:

"In ruling on the admissibility of other crimes evidence under K.S.A. 60-455, the trial court must (1) determine it is relevant to prove one of the facts specified in the statute, (2) determine that fact is a disputed material fact—*i.e.*, that it is substantially in issue and (3) balance the probative value of the other crimes evidence against its tendency to prejudice the jury."

The trial court in its ruling applied the proper criteria and found

the evidence admissible. We find no abuse of the court's discretion in having done so. We also note that a proper limiting instruction was given to the jury.

The second issue is whether the district court erred in refusing to admit a police report and the testimony of a police officer who had taken statements favorable to the defense from a confidential informant. On January 27, 1984, a detective with the Topeka Police Department received a phone call from one Michael Quarles, also known as Michael Norfliss. The informant said that Glen Johnson and *Willie Graves* were the two men involved in the Country Inn Motel robberies, not defendant Sanford. The court directed the release of Quarles' name, and both the defendant and the State attempted to subpoena him for trial, without success. The State gave defense counsel a copy of the officer's report, and defendant in turn sought to introduce a copy of that statement under K.S.A. 60-460(d)(3), which allows certain hearsay statements to be introduced in evidence on grounds of necessity when the witness is unavailable. We have often stated the standards for admitting evidence under this exception to the hearsay rule:

> "To admit hearsay statements under this provision the trial court must find (1) the declarant is unavailable as a witness, (2) the matter described was recently perceived by the declarant and the statement made while his memory was fresh, and (3) the statement was made under circumstances so as to show that it was in good faith, before there was an action pending, and with no incentive to falsify or distort. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-460(d), p. 240 (1979). The trial court is necessarily given considerable discretion in admitting statements under this exception. Vernon's Kansas C. Civ. Proc. § 60-460(d) (1965); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-460(d) (1979). In *Smith v. Estate of Hall,* 215 Kan. 262, 268, 524 P.2d 684 (1974), we held that under this provision the presence or absence of an incentive to falsify or distort is a question of fact to be determined by the trial judge in light of all the circumstances. See also *State v. Brown,* 220 Kan. 684, 688, 556 P.2d 443 (1976)." *State v. Hobson,* 234 Kan. 133, 158, 671 P.2d 1365 (1983).

The trial court recognized and applied the *Hobson* standards in testing the admissibility of this evidence. Although the judge concluded Quarles was unavailable, that his statement narrated, described or explained an event or condition, that it was made at a time when the matter was recently perceived by him, and that it was made in good faith prior to the commencement of this action he could not determine there was no incentive to falsify or distort, and he also questioned the reliability of the statement.

There was testimony from the detective that he had obtained information from Quarles on prior occasions and that there were some instances where he questioned Quarles' reliability. No abuse of discretion appears.

The third issue on appeal is whether defendant was denied a fair trial because of interference with a juror by her employer during trial. On the third day of trial the juror in question was informed by her employer she would have to use her vacation time in order to be paid for the time away from her job for jury duty. This upset the juror a great deal, and there was evidence she was very distressed about the situation. In his motion for new trial defendant contended this constituted "jury misconduct" which prevented him from receiving a fair trial. Defendant submitted an affidavit from the juror and sought to subpoena her for a hearing. The court denied the request as there was no showing by defendant of any prejudice. See *Johnson v. Haupt*, 5 Kan.App.2d 682, 623 P.2d 537 (1981). The judge indicated that if taken as true the affidavit failed to recite any facts which would indicate defendant did not receive a fair trial. Under the facts we cannot find that the judge abused his discretion.

Prior to trial defendant moved the court for permission to take a polygraph examination and allow the results to be admitted into evidence. The State refused to stipulate to the results of the proposed test, and the trial court denied defendant's motion. Sanford now claims that ruling was error. We have consistently held that, in the absence of a stipulation between the parties, the results of a polygraph examination are not admissible in evidence. See *Arney v. Director, Kansas State Penitentiary*, 234 Kan. 257, 266, 671 P.2d 559 (1983); *State v. Blosser*, 221 Kan. 59, Syl. ¶ 1, 558 P.2d 105 (1976); and *State v. Watkins*, 219 Kan. 81, Syl. ¶ 1, 547 P.2d 810 (1976). The point lacks merit.

The fifth issue is whether the lower court erred in failing to instruct the jury that the testimony of Glen Johnson, as an accomplice of defendant in *prior crimes*, was to be considered with caution. As indicated previously, the court gave a limiting instruction concerning Johnson's testimony about the Country Inn Motel robberies and the court gave the standard accomplice instruction as to the witness Willie Graves, whose testimony implicated Graves and defendant in the Silver murder. See PIK Crim. 2d 52.06 and 52.18. It also gave an expanded version of

PIK Crim. 2d 52.09 on the credibility of all the witnesses. Glen Johnson did not admit to any connection with, or participation in, the Silver murder. He was not an accomplice to the crimes charged in this case. Assuming that an accomplice instruction is required in a case where the witness was an accomplice only in other crimes not charged against the defendant, the instructions given in this case, when considered in their entirety, are sufficiently cautionary that error, if any, would be harmless at best and not reversible error. *State v. Moore*, 229 Kan. 73, Syl. ¶¶ 1 and 2, 622 P.2d 631 (1981).

Defendant also contends the court erred in giving the prior crimes instruction. The instruction given was taken verbatim from PIK Crim. 2d 52.06. He argues the lower court should have added to the instruction the following language adapted from *State v. Bly*, 215 Kan. 168, 523 P.2d 397 (1974):

"This [prior crimes] evidence may not be considered as evidence to prove defendant's disposition to commit crime. If you find its only purpose is to show defendant's disposition, inclination, attitude, tendency or propensity to commit crime, it should be disregarded."

The State correctly points out we have never required a trial court to go beyond the express language of PIK Crim. 2d 52.06 when instructing a jury on the limited purposes for which they may consider prior crimes evidence. That instruction has been repeatedly upheld as an adequate and accurate statement of the relevant law. *State v. Williams*, 234 Kan. 233, 237, 670 P.2d 1348 (1983); *State v. Bryant*, 228 Kan. 239, 244, 613 P.2d 1348 (1980). Defendant's claim is without merit.

Next the defendant contends that the trial court abused its discretion in denying his motion for new trial based on newly discovered evidence. One of the main elements of the defense at trial was that a woman by the name of Lillie Hayes actually murdered Joseph Silver. It was contended that Hayes was heavily indebted to Silver, that he was pushing her for payment and therefore she had a motive to kill him. Defendant sought access to Hayes' financial records in order to establish her motive to commit the murder. At trial Hayes testified she did not keep detailed records of her finances, but after the trial was completed defense counsel discovered an accountant and loan officers who maintained written records and/or possessed significant information on Hayes' financial background. Defendant sought, but

was denied, a new trial based on this newly discovered evidence. Assuming the records could be considered as newly discovered evidence, it does not appear that the presentation of them would be likely to produce a different result on retrial. *State v. Richard,* 235 Kan. 355, 363, 681 P.2d 612 (1984). No error is shown.

Next defendant contends it was error for the trial court to deny his motion to discover the identity of a Crimestoppers informant. A similar contention was recently considered by the court in *State v. Pink,* 236 Kan. 715, 696 P.2d 358 (1985), and found to be without merit. The same is true in this case.

Lastly, defendant contends there was insufficient evidence to support the verdict. The standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Pham,* 234 Kan. 649, 667-68, 675 P.2d 848 (1984). Even though the State's evidence was largely circumstantial, that is adequate to support a verdict so long as the jury could draw from the evidence a reasonable inference of guilt. *State v. Ritson,* 215 Kan. 742, 529 P.2d 90 (1974). While some of the witnesses may have been suspect, a careful review of the entire record convinces us there was sufficient evidence to support the verdict.

The judgment is affirmed.