**Ivory L. HAISLIP, Petitioner–Appellant,**

v.

**ATTORNEY GENERAL, STATE OF KANSAS; and Raymond Roberts, Respondents–Appellees.**

No. 92–3126.

United States Court of Appeals, Tenth Circuit.

May 3, 1993.

---

Tom Stacy, Kansas Defender Project, University of Kansas School of Law, Lawrence, KS, for petitioner-appellant.

John K. Bork, Asst. Atty. Gen. (JaLynn Copp, Asst. Atty. Gen., with him on the brief), Topeka, KS, for respondents-appellees.

Before LOGAN and KELLY, Circuit Judges and ALLEY, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Ivory L. Haislip appeals the district court's denial of his first habeas corpus petition, 788 F.Supp. 482. Mr. Haislip was convicted in 1984 of first degree murder and aggravated battery of a law enforcement officer. Petitioner is currently incarcerated, and challenges his conviction on the grounds that: (1) he was denied his constitutional right to effective assistance of counsel and (2) he was denied due process when he was not allowed a continuance to consult with an expert in hypnosis before trial. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253 and we affirm.

## Background

Mr. Haislip was convicted of murder in the death of Wichita, Kansas, police officer Paul Garofalo and of aggravated battery in the shooting of officer Randy Mullikin. This conviction followed Petitioner's third trial; the first two convictions were vacated and remanded by the Kansas Supreme Court. The facts are stated fully in *State v. Haislip*, 234 Kan. 329, 673 P.2d 1094 (1983), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 575, 88 L.Ed.2d 558 (1985) and *State v. Haislip*, 237 Kan. 461, 701 P.2d 909, *cert. denied*, 474 U.S. 1022, 106 S.Ct. 575, 88 L.Ed.2d 558 (1985).

Mr. Haislip filed a federal habeas corpus petition in 1990. The district court denied the petition, rejecting Petitioner's claims of ineffective assistance of counsel, and error based on denial of a continuance.

[†] The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

*Discussion*

## I. Ineffective Assistance of Counsel

 Petitioner argues ineffective assistance of counsel because counsel did not gain admission of a codefendant's confession and did not present other exculpatory evidence. The two-part test of *Strickland v. Washington* requires that Petitioner show both that his attorney's performance fell below an objective standard of reasonableness and that, but for his counsel's inadequacies, the result of the proceedings would have been different. 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Ineffective assistance claims raise "a mixed question of law and fact which requires 'us to view the "totality of the evidence before the judge and jury." ' " *United States v. Maxwell,* 966 F.2d 545, 547 (10th Cir.) (quoting *United States v. Miller,* 907 F.2d 994, 997 (10th Cir.1990) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980))), *cert. denied,* —— U.S. ——, 113 S.Ct. 826, 121 L.Ed.2d 697 (1992).

### A. Martin's Confession

 Petitioner's theory of defense was that the murder was actually committed by Anthony Ray Martin. Mr. Martin had been charged with aiding and abetting the murder, but was acquitted. *See State v. Martin,* 237 Kan. 285, 699 P.2d 486 (1985). Several witnesses, including Mr. Martin, identified Petitioner as the gunman, and other witnesses testified that Petitioner admitted committing the murder. Mr. Martin testified in person at the second trial, and his testimony was read into the record at the third trial after he exercised his Fifth Amendment privilege. Mr. Martin testified that, just prior to the shooting, he saw a man throw down a pool cue case, which Martin picked up, hoping to find drugs. After the shooting, he found the case again and decided that he should wipe off his fingerprints, which he did, and then tossed it away. He identified Mr. Haislip as the gunman, and denied knowing him or giving him the gun.

Several of Petitioner's witnesses testified to observing Anthony Martin at the scene. Krystal Butler, a witness who had been talking to the officers from the passenger side of the car when the shooting occurred, testified that she saw Mr. Martin on the other side of the car, with a shotgun. She also testified that she had been smoking marijuana that night, and admitted that in a prior sworn statement she had denied knowing the identity of the gunman. Defense counsel attempted to question Ms. Butler about a confession by Mr. Martin, which, upon objection, the court disallowed as hearsay. Defense counsel did not challenge the court's ruling.

Petitioner contends that the statement was admissible as a statement against penal interest under Kan.Stat.Ann. § 60–460(j) and would have changed the outcome of the case, and that his counsel's failure to argue for admission and cite the statute was objectively unreasonable. The Kansas Supreme Court ruled that the evidence *may* have been admissible had the trial court considered it. *Haislip,* 701 P.2d at 921. The possible application of the Kansas statute was waived, however, because the trial court was not given an opportunity to consider it.

Petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Petitioner argues that counsel's failure to offer exculpatory evidence is obviously unreasonable, relying on *Washington v. Murray,* 952 F.2d 1472 (4th Cir. 1991); *Moffett v. Kolb,* 930 F.2d 1156 (7th Cir.1991) and *Nixon v. Newsome,* 888 F.2d 112 (11th Cir.1989). Each of these cases, however, concerns the utter failure of defense counsel to offer evidence which was highly exculpatory and which was not introduced through other means. Here, Petitioner's counsel introduced several witnesses who testified that Mr. Martin was the killer. Ms. Butler testified as an eyewitness to the shooting. Defense counsel may have erred in not arguing for admission of the confession, but we cannot say that Petitioner's representation was objectively unreasonable.

Furthermore, considering the totality of the evidence, we do not find a reasonable probability that introduction of the confession would have resulted in a different verdict. The prosecution presented a strong case against Petitioner, which included eye-

witness accounts and evidence of Petitioner's own confession. The jury heard evidence supporting Petitioner's theory and chose to convict him anyway.

### B. Other Exculpatory Evidence

 Petitioner also argues that his counsel was ineffective for failing to introduce evidence of Mr. Martin's prior inconsistent statements, favorable treatment from police, and prior crimes. Specifically, Petitioner claims that defense counsel did not bring to light Mr. Martin's three different versions of what happened on the night in question, including a statement in which he admitted seeing Ms. Butler shortly before the shooting. Petitioner also argues that counsel failed to introduce evidence that the police dropped a burglary charge against Mr. Martin, and evidence linking Mr. Martin to a similar shooting which occurred two days prior.

The district court found, and we agree, that defense counsel repeatedly impeached Mr. Martin's testimony during cross-examination. Defense counsel did in fact inquire into the burglary charge, and whether it was dropped because Mr. Martin identified Mr. Haislip. XII R. 125. As for the evidence of prior crimes, evidence of a *conviction* may be admissible against a witness for impeachment purposes. Kan.Stat. Ann. § 60–421; *State v. Bryant*, 228 Kan. 239, 613 P.2d 1348, 1352 (1980). Here, Mr. Martin was not convicted, nor even charged, in the prior shooting. We conclude that defense counsel's performance was objectively reasonable, and find no reasonable probability that the recommended tactics would have changed the outcome of the case.

### II. Due Process Right to a Continuance

Petitioner's final argument concerns the trial court's denial of petitioner's request for a continuance in order to consult with an expert in hypnosis. Two witnesses, Officer Mullikin and Dale Jackson, underwent hypnosis at the direction of the Wichita Police Department in order to enhance their memory of the event. The witnesses' descriptions of the murderer changed somewhat after the hypnosis, which occurred on November 18, 1980. On February 24, 1984, thirteen days before the start of Petitioner's third trial, Petitioner requested and received funds to hire an expert in hypnosis, but the trial court denied his request for a continuance. The trial court also ruled that the witnesses could only testify to the descriptions they gave *prior* to hypnosis; they could not testify to new facts revealed during hypnosis.

The grant or denial of a continuance was well within the trial court's discretion. *Haislip*, 701 P.2d at 926. To warrant federal habeas relief, a denial of a continuance " 'must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.' " *Case v. Mondragon*, 887 F.2d 1388, 1396 (10th Cir. 1989) (quoting *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir.1981)), *cert. denied,* 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). Here, counsel waited until the brink of the third trial, following almost three years of representation in this case, and three years after the hypnosis, to request a continuance. Petitioner does not suggest that he was surprised at the proposed testimony. That fact, coupled with the trial court's restrictive ruling on admissibility of the testimony, convinces us that there was no abuse of discretion.

AFFIRMED.