No. 48,110

STATE OF KANSAS, *Appellee*, v. EDWIN L. BROWN, *Appellant*.

(556 P. 2d 443)

Opinion filed November 6, 1976.

*Craig Kennedy,* Coombs, Lambdin & Kluge, Chartered, of Wichita, argued the cause and was on the brief for appellant.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general,, and *Keith Sanborn,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction by jury of the crime of aggravated robbery (K. S. A. 21-3427).

On April 11, 1974, Kenneth Karsk was employed as a clerk at a Quik Trip store located at Woodlawn and 45th Street North in Sedgwick County, Kansas. At approximately 10:45 p. m., he was in a back room when he heard someone enter the store. Upon walking to the counter, Karsk observed a man standing by the sunglasses display trying on a pair of sunglasses. Karsk noticed the man was looking at him in the display mirror and turned away. When Karsk looked up, the man was at the counter holding an automatic pistol. He told Karsk to give him the money, and Karsk obeyed. Karsk then lay on the floor at the robber's command, and the man left, taking approximately $130.

Following an investigation of the robbery by Sedgwick County Sheriff's Officers, the defendant Ed Brown was arrested on April 17 and charged with the robbery on the following day. Trial commenced on October 21, 1974, and the jury returned a verdict of guilty on October 24. The defendant's motion for new trial was denied, and this appeal followed.

The appellant does not attack the sufficiency of the evidence to support his conviction. He asserts the district court committed reversible error in ruling on a pretrial discovery motion and two evidentiary matters at trial.

The appellant's first contention is that there was no probable cause to believe he had committed the crime in question either at the time of his arrest or at the time he was fingerprinted. Hence, appellant argues, he was arrested and detained illegally, and admission of his fingerprints taken during this illegal detention was reversible error under the authority of *Davis v. Mississippi,* 394 U. S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394. The state agrees that *Davis* controls this point, but contends the defendant was fingerprinted during a legal detention (*i. e.* after an arrest based on probable cause) so his fingerprints were properly admitted into evidence.

The appellant was arrested on the evening of April 17 and held in jail that night. The following morning, he appeared in a lineup viewed by Karsk, the store employee. Karsk identified no one in the lineup as the robber. The appellant was detained and was charged with the robbery that afternoon.

It is the appellant's position that since Karsk failed to identify him at the lineup, there was clearly no probable cause to detain him any longer. Consequently, his fingerprints, which he says were taken *after* the lineup, were taken while he was illegally detained.

The evidentiary record does not bear this out. A jail employee testified that he took the appellant's fingerprints on April 17. This was the day appellant was arrested and the day *before* the lineup. Although counsel argued in his motion to strike the admission of the fingerprint card, in his motion for new trial and in his brief on appeal that the appellant was fingerprinted after the lineup, the evidence speaks for itself.

The pivotal question on appellant's first point on appeal is, therefore, whether his arrest was based on probable cause.

K. S. A. 22-2401 (*c*) (1) specifies that a law enforcement officer may arrest a person when he has probable cause to believe the person is committing or has committed a felony.

The probable cause requirement of this statute was recently discussed in *State v. Curtis,* 217 Kan. 717, 538 P. 2d 1383. There we held:

"Probable cause . . . under the provisions of K. S. A. 22-2401 (*c*) (1), refers to that quantum of evidence which would lead a prudent man to believe that an offense has been committed. It is not necessary that the evi-

dence giving rise to such probable cause be sufficient to prove guilt beyond a reasonable doubt, nor must it be sufficient to prove guilt is more probable than not. It is only necessary the evidence lead the officer to believe that guilt is more than a possibility, and it is well-established that the belief may be predicated in part upon hearsay information. (Syl. 1.)

"The quantum of information which constitutes probable cause to arrest must be measured by the facts of the particular case. (Syl. 2.)

"In determining probable cause, all the information in the officer's possession, fair inferences to be drawn therefrom, and observations made by him are generally pertinent, and facts may be considered that would not be admissible on the issue of guilt." (Syl. 3.)

In the instant case, information gathered by officers in the days following the robbery implicated Ray Haney and the defendant Ed Brown. Haney was arrested and signed a written waiver to search the residence he shared with Ed Brown. While Detective Michael was conducting the search, the defendant arrived at the residence and was thereupon arrested. At the time of arrest, Detective Michael had the following information: (1) a description and composite drawing of the robber and a description of the gun used, (2) accounts by two witnesses to the effect that Haney and the defendant were seen in a blue Firebird at 6:30 p. m. on the evening of the robbery, that Haney and a man resembling the defendant were seen near the Quik Trip in a blue Firebird shortly before the robbery, and that Haney had told a witness he had robbed the store. Before defendant's arrival at the residence, the search had revealed a gun matching the description of the one used in the robbery and personal papers of the defendant. When the defendant appeared at the residence, he was wearing a jacket matching the description of the robber's jacket.

On the basis of this evidence, we have no hesitancy in holding the arrest was based on probable cause and that the appellant's fingerprints were taken while he was lawfully detained.

The appellant's second contention is that the trial court erred in refusing to admit exculpatory statements made by Ray Haney to Stephen Sleeper which appellant argues fall within the exception to the hearsay rule found in K. S. A. 60-460 (d) (3).

During the course of the trial, testimony of defense witness Stephen Sleeper concerning a conversation he had with Ray Haney was proffered outside the presence of the jury. Sleeper testified that on Sunday, April 14, 1974, he received a telephone call from a person he recognized as Ray Haney. Haney told Sleeper, "I robbed

the Quik Trip last night." Sleeper testified that Haney implicated no other person in the robbery.

Following this testimony, appellant's counsel urged its admission under the 60-460 (*d*) (3) exception to the hearsay rule. The court ruled it inadmissible, stating:

". . . the Court is well aware that both the state and the defendant would like to offer statements made by Mr. Haney in this trial. Neither one wants to offer the same statements, but each would like to offer it. The fact remains that all of such statements are hearsay. Whether they are admissible under this thing is the question placed to the Court, whether any part of them are an exception. *With the specific request made,* I do not know how the Court could make any of the findings required by this court. Upon what would I base a finding that the statement which is in conflict with the evidence as to what has already been offered as to one of the conversations, was made, find that this is the way it was made, made at a time when it had been recently perceived by him while his recollection was clear and was made in good faith with no intention to falsify or distort? I have no basis of knowing anything about Mr. Haney, I've never seen him or heard him. And anything Mr. Haney said is hearsay, what you want to offer (Addressing Mr. Lawing), and what you want to offer (Addressing Mr. Sherwood). And I don't see any basis from either to find it an exception on the evidence that has been submitted to me on either side. And Court finds that as hearsay it is not admissible." (Emphasis added.)

Under K. S. A. 60-460, evidence of a statement, which is made other than by a witness while testifying at a hearing, offered to prove the truth of the matter stated is hearsay evidence and is inadmissible unless it falls within one of the enumerated exceptions. Under the exception specified in 60-460 (*d*) (3), a statement which is hearsay evidence is admissible if the following conditions are satisfied: (1) the declarant is unavailable as a witness, (2) the statement narrates, describes or explains an event or condition, (3) the judge finds [a] the declarant made the statement at a time when the matter had been recently perceived by him and while his recollection was clear, [b] the declarant made the statement in good faith prior to the commencement of the action, and [c] the declarant made the statement with no incentive to falsify or to distort.

In the case at bar, there is no question the declarant was unavailable as a witness. At the time of trial, Haney's whereabouts were unknown; a warrant for his arrest was outstanding and neither law enforcement officers nor the appellant could locate him. There is also no question that Haney's statement narrated, described or explained an event. There is some question, however, whether the

statement referred to the right event. Haney made the statement on April 14. The robbery for which the appellant was charged occurred on April 11. Haney is said to have stated he robbed the Quik Trip "last night."

This hearsay exception allows for a considerable passage of time, so long as the statement was made at a time when the event could still be reasonably classified as "recent" and the declarant's memory was still unclouded. *Smith v. Estate of Hall,* 215 Kan. 262, 524 P. 2d 684. Here the statement was made three days after the robbery and could reasonably have met time and recollection requirements. The statement was made three days before Haney was arrested, so it was clearly made prior to the commencement of the action. It could be argued that since the statement was made prior to the commencement of the action it necessarily was made in good faith.

Whether the statement was made with no incentive to falsify or distort is a more troublesome question. "[T]he presence or absence of such an incentive is a question of fact, to be determined by the trial judge in the light of all the circumstances." *Smith v. Estate of Hall,* supra at 268, 524 P. 2d at 689. This court is in no better position than the trial court to decide whether Haney had any incentive to distort or falsify his statement.

In view of the foregoing, we hold that the district court did not err in refusing to admit Haney's statement as an exception to the hearsay rule under K. S. A. 60-460 (*d*) (3). We intimate no opinion as to whether the statement may have fallen within some other exception to the hearsay rule.

The appellant's final specification of error is that the trial court erred and abused its discretion by refusing to allow the appellant the opportunity to inspect prior to trial a composite drawing in the District Attorney's possession.

The day after the robbery, the store clerk, Mr. Karsk, gave the police a description of the robber. From this description, a composite drawing of the robber was made. Seven days after the robbery, Karsk viewed a lineup in which defendant appeared. Karsk could make no identification at the time. Some two weeks later at the preliminary examination, Karsk identified defendant as the robber.

Following the preliminary examination and arraignment, defendant filed a discovery motion pursuant to K. S. A. 22-3212 (2)

asking for an order requiring the prosecution to permit defendant to inspect the composite drawing and other specified items in the prosecution's file. The portion of the motion asking to inspect the composite was denied.

K. S. A. 22-3212 (2) provides:

"Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution upon a showing of materiality to the case and that the request is reasonable. Except as provided in subsections (1) (b) and (1) (d), this section does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by officers in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses (other than the defendant) except as may be provided by law."

In our view, a composite is not an "internal government document," see *United States v. Barber*, 297 F. Supp. 917 (D. Del. 1969), or a "statement," see *United States v. Zurita*, 369 F. 2d 474 (7th Cir. 1966), but is a "tangible object." As such, it is discoverable under K. S. A. 22-3212 (2) subject to a showing of materiality and reasonableness by the defendant and to the discretion of the trial court.

In the case at bar, the requirements of materiality and reasonableness seem satisfied. In view of Mr. Karsk's inconsistencies in identifying the appellant as the robber, the composite drawing seems material to the defense of mistaken identity. The request for the composite was reasonable under the circumstances. It was, therefore, within the discretion of the district court to permit the defendant to inspect and copy the composite drawing prior to trial.

K. S. A. 22-3212 places broad discretion in the district court in ruling on a discovery motion. Such a ruling will be set aside on appeal only upon a showing of abuse of that discretion. *State v. Rogers*, 217 Kan. 462, 537 P. 2d 222; *State v. Hill*, 211 Kan. 287, 507 P. 2d 342.

Past pronouncements of this court provide some guidance for the district court in the exercise of its discretion under 22-3212 (2).

In *State v. Hill*, supra at 294, 507 P. 2d at 349, we urged trial courts to use their discretion under 22-3212 to effect economies in time, money and judicial and professional talents, and to permit thorough preparation for trial on both sides.

In *State v. Humphrey*, 217 Kan. 352, 537 P. 2d 155, we observed that in view of the stated purpose of the Kansas Code of Criminal

Procedure—to provide for the just determination of every criminal proceeding and to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay—the criminal discovery provisions should be liberally construed and the scope of discovery should be as full and complete as is reasonably possible under the circumstances. We also noted that the American Bar Association Standards for Criminal Justice relating to Discovery and Procedure Before Trial sanction discovery prior to trial which is as full and free as possible consistent with protection of persons, effective law enforcement, the adversary system and national security. We stated that—consistent with our criminal code and the ABA Standards—a trial court should liberally grant a defendant's discovery motion under 22-3212 "unless there is a good sound reason to deny discovery." *Id.* at 359-60, 537 P. 2d at 161.

In view of the foregoing, we believe the district court in the instant action should have permitted the defendant to inspect the composite prior to trial pursuant to his discovery motion. However, under the facts of the case at bar, we are not persuaded the district court's denial of defendant's discovery motion for the composite amounted to an abuse of discretion requiring reversal.

The appellant argues that his inability to inspect the composite prior to trial effectively limited his constitutional right to cross-examine his accusers. Mr. Karsk, the store employee, was the state's witness who identified the appellant as the robber. The appellant sought to render this identification suspect through his cross-examination.

On cross-examination, Karsk testified as to the description of the robber he gave sheriff's officers on which the composite was based. Variances in height and length of hair in the trial testimony and the written description actually given officers were stressed in appellant's closing arguments. It seems the trial testimony more accurately described the appellant than the description given the day after the robbery. Karsk's inability to identify the appellant in the lineup was also explored on cross-examination.

The state sought to rehabilitate Karsk on redirect by having him explain the reasons he had been unable to identify the appellant in the lineup. Karsk then testified there was now no question in his mind as to who robbed him, and he identified the composite alluded to on cross-examination.

On recross-examination, Karsk was shown a photograph of the

lineup in which the appellant appeared. Karsk testified that picture accurately represented the appellant as he appeared in the lineup and that he had been unable to identify the appellant as the robber at that time.

Both the lineup photograph and the composite were admitted into evidence, thereby showing the appellant's actual appearance at the lineup and indicating any disparities in his appearance and the description Karsk had given.

We fail to see how the appellant's having access to the composite prior to trial would have allowed a more effective impeachment of Karsk's identification than actually occurred.

The judgment is affirmed.