No. 48,844

STATE OF KANSAS, *Appellee*, v. GARY ADAMS, *Appellant.*

(573 P.2d 604)

Opinion filed December 10, 1977.

*Ted M. Templar,* of Arkansas City, argued the cause, and was on the brief for the appellant.

*William C. Ellis,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from convictions of second-degree murder (K.S.A. 21-3402) and unlawful possession of a firearm (K.S.A. 21-4204). The facts in the case are not really in dispute and are as follows: The defendant Gary Adams and Becky Morris were married on October 18, 1974, and divorced in February of 1975. Following the divorce, Becky started dating Tommy Topper. They were planning to be married. It appears from the evidence that Becky also continued to see Gary Adams from time to time and that Adams deeply resented Becky's association with Tommy Topper. On the afternoon of December 15, 1975, the defendant Adams, in the presence of three witnesses, made threats that he intended to kill or seriously injure Tommy Topper. Later that afternoon between 5:30 p.m. and 6:00 p.m., Becky Morris and Tommy Topper proceeded in the Morris automobile to the Morris farm located northwest of Arkansas City for the purpose of feeding Becky's dogs. By chance, Adams had learned of the couple's intended trip to the Morris farm.

As Becky Morris and Tommy Topper proceeded to the Morris farm, they were followed by a vehicle which belonged to either Gary Adams or his friend, Bobby High, who was also in the vehicle. At the farm Adams forced the Morris vehicle to stop at gunpoint. Becky Morris described the weapon held by Adams as a .22-caliber pistol. High forced Becky Morris out of the car by grabbing her hair. Adams proceeded to knock Topper to the ground, repeatedly kicked him, and pointed the pistol at his head.

Then Adams grabbed Becky by her hair and forced her into his automobile, leaving Topper alone with Bobby High. The evidence established that High stabbed Topper in the chest with a knife. Adams and High, with Becky Morris as a passenger, left the area and proceeded to New Mexico where Adams and High were later arrested.

Following the departure of Adams and High, Tommy Topper made his way across the road to the home of Agnes Hower and told her that he had been stabbed. His chest was covered with blood. An ambulance was called. Topper told the ambulance attendant that he had been stabbed by Bobby High and that Gary Adams had fired several shots at him. At the hospital, shortly after 7:00 p.m., Topper told a deputy sheriff that Adams had kicked him and held a gun to his head, and that Bobby High had stabbed him. Topper died on December 24, 1975, from a penetrating knife wound of the chest.

The defendant raises three points on the appeal. He first contends that the court erred in admitting into evidence the statements of Tommy Topper made to the third parties mentioned above on the grounds that such statements were inadmissible as hearsay. Such statements were admissible under the exception to the hearsay rule contained in K.S.A. 60-460(d)(3) which provides as follows:

*"(d)   Contemporaneous statements and statements admissible on ground of necessity generally.   .   .   .   "(3)* if the declarant is unavailable as a witness, a statement narrating, describing or explaining an event or condition which the judge finds was made by the declarant at a time when the matter had been recently perceived by the declarant and while his or her recollection was clear, and was made in good faith prior to the commencement of the action and with no incentive to falsify or to distort;"

Here the declarant, Tommy Topper, was dead and hence unavailable at the time of the trial. The statements made in the ambulance and later at the hospital described or explained an event—the stabbing and shooting on December 15, 1975. The event had been recently perceived by the declarant, Tommy Topper. It was recent enough to fall within the guidelines of Kansas cases. See, for example, *State v. Brown,* 220 Kan. 684, 556 P.2d 443 (statement made three days after robbery); *Smith v. Estate of Hall,* 215 Kan. 262, 524 P.2d 684 (statement made the morning after the accident). There is nothing in the record to show that the statement was made except in good faith or with

any incentive to falsify or to distort. It was obviously made prior to the commencement of the criminal prosecution. We find the defendant's first point without merit.

The defendant next maintains that the trial court erred in admitting into evidence over objection a .22-caliber pistol found in the automobile at the time High and defendant Adams were arrested in New Mexico. At the trial Becky Morris testified that she observed Adams holding a .22-caliber pistol to Topper's head and that Adams fired the weapon into the ground. The pistol found in the car was the only pistol in the car at the time of the arrest. There was sufficient foundation for the admission of the pistol into evidence. *(State v. Baker,* 219 Kan. 854, 549 P.2d 911.)

The defendant also complains as to certain instructions given by the trial court. We have examined the court's instructions and find that they were proper. The instruction defining "possession" of a firearm was that suggested in PIK Criminal 53.00, which we cited with approval in *State v. Neal,* 215 Kan. 737, 529 P.2d 114. The instruction defining malice conformed to that approved in *State v. Wilson,* 215 Kan. 437, 524 P.2d 224.

Defendant maintains that the trial court erred in failing to instruct on the lesser included offense of involuntary man-slaughter. We find no error in this regard. There was no evidence offered to show provocation or mitigation, justifying an instruction on involuntary manslaughter. The evidence established only a malicious killing. *(State v. Seelke,* 221 Kan. 672, 561 P.2d 869; *State v. Burrow & Dohlmar,* 221 Kan. 745, 561 P.2d 864.) Finally, the defendant claims that it was error because the court failed to instruct on the crime of conspiracy. The defendant was not charged with conspiracy; nor is conspiracy a lesser included offense of murder. *(State v. Burnett,* 221 Kan. 40, 558 P.2d 1087.) The court properly instructed the jury on aiding and abetting which was justified under the evidence presented.

The judgment of the district court is affirmed.