No. 98,845

DEANDRE HARRIS, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(204 P.3d 557)

Opinion filed March 27, 2009.

*Christopher R. Cuevas,* of Cuevas Law Firm, of Kansas City, argued the cause, and *B. Joyce Yeager,* of the Yeager Law Firm, L.L.C., of Mission, was on the brief for appellant.

*Christopher L. Schneider,* assistant district attorney, argued the cause, and *Jerome A. Gorman,* district attorney, and *Stephen N. Six,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Deandre Harris appeals from the denial of his motion filed under K.S.A. 60-1507 alleging ineffective assistance of trial counsel.

Harris and codefendant Code Laster were charged and jointly tried for the 1996 shooting death of Paul Moore. Each maintained his own and the other's innocence, identifying a third person, an individual named Terrock, as the initiator and executor of the murder. Although no direct evidence conclusively showed that either Harris or Laster shot Moore, a considerable amount of evidence showed that Harris drove around with Laster looking for Moore and that both Harris and Laster ran from the scene of the murder shortly after shots were fired. A jury found Harris and Laster guilty of premeditated first-degree murder. On April 25, 1997, the trial court sentenced Harris to a life sentence without parole for 25 years. He took a direct appeal to this court, which affirmed the conviction in *State v. Harris,* 266 Kan. 270, 970 P.2d 519 (1998). The opinion contains a thorough and detailed account of the facts and evidence presented at trial.

On December 14, 1999, Harris filed a pro se motion under K.S.A. 60-1507 alleging ineffective assistance of trial counsel. On January 16, 2002, Harris filed through appointed counsel, Thomas DeCoursey, an amended motion elaborating further on his arguments. The district court held a full evidentiary hearing on the matter. DeCoursey represented Harris at the hearing, at which John Duma, Laster's trial counsel, Al Graubereger, Harris' trial counsel, and Harris each testified. On October 29, 2003, the trial court filed a memorandum opinion denying Harris' claim. Harris filed a timely pro se notice of appeal. Then, on June 11, 2004, the trial court filed a second memorandum opinion, substantially the same as the earlier one, also denying Harris' claim. Harris filed a

second timely notice of appeal. Following the withdrawal of previously appointed appellate counsel, the trial court appointed B. Joyce Yeager to represent Harris on appeal on June 26, 2007.

This court granted Harris' motion to transfer the appeal from the Court of Appeals to the Supreme Court. After filing her brief on behalf of Harris, Yeager filed a motion to withdraw, which this court granted. Christopher Cuevas was appointed to represent Harris, and Cuevas elected to proceed on the brief filed by Yeager.

Laster also filed a motion under K.S.A. 60-1507 alleging ineffective assistance of trial counsel. The trial court denied his motion, and the Court of Appeals affirmed the trial court in *Laster v. State*, No. 94,925, unpublished opinion filed July 14, 2006, *rev. denied* 282 Kan. 790 (2006).

A claim of ineffective assistance of counsel presents mixed questions of law and fact that are subject to de novo review. *Pabst v. State*, 287 Kan. 1, 16, 192 P.3d 630 (2008). In order to obtain reversal of a conviction based on ineffective assistance of trial counsel, it is insufficient to surmise, with the benefit of hindsight, that another attorney might have tried the case differently. The defendant must initially establish the counsel's performance was constitutionally deficient, which requires showing that counsel made errors so serious that the performance was less than what the Sixth Amendment to the United States Constitution guarantees. The defendant must then establish that counsel's deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious that they deprived the defendant of a fair trial. 287 Kan. at 16.

Judicial scrutiny of counsel's performance must be highly deferential. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. In order to show prejudice, a defendant must show a reasonable probability that, except for counsel's deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court considering a claim of ineffective assistance of counsel must consider all the evidence before the judge or jury. *Phillips v. State*, 282 Kan. 154, 159-60, 144 P.3d 48 (2006).

Harris raises three issues in which he claims reversible error as a result of trial counsel's ineffective assistance in the district court proceedings. First, Harris maintains that trial counsel was incompetent by failing to request a conspiracy jury instruction. At the preliminary hearing, charges of conspiracy to commit murder and possession of a firearm were dismissed. Harris nevertheless argues that his trial counsel was ineffective for not requesting a conspiracy instruction.

Conspiracy to commit murder is a separate and distinct crime from murder, not a lesser included offense. See, *e.g.*, *State v. Tyler*, 251 Kan. 616, 637-388, 840 P.2d 413 (1992); *State v. Adams*, 223 Kan. 254, 256, 573 P.2d 604 (1997). A defendant may not be convicted of a crime with which he was not charged. See, *e.g.*, *State v. Schad*, 247 Kan. 242, 246, 795 P.2d 406 (1990); *State v. Houck*, 240 Kan. 130, 136, 727 P.2d 460 (1986).

The trial court, having dismissed the conspiracy charge, could not then give the jury the opportunity to convict Harris of a crime with which he was not charged. If Harris' trial counsel had requested a conspiracy instruction, the request would have been for an instruction not sanctioned by the law. Trial counsel was not ineffective for failing to request an improper instruction.

Next, Harris claims trial counsel was ineffective by failing to request separate trials. Although Harris and Laster had independent trial counsel, Harris argues that his attorney was not competent because he failed to file a motion to sever the trial.

A trial court should consider the following factors in determining whether separate trials are appropriate: (1) The defendants have antagonistic defenses; (2) important evidence in favor of one of the defendants which would be admissible on a separate trial would not be allowed in a joint trial; (3) evidence incompetent as to one defendant and introducible against another would have a prejudicial effect against the former with the jury; (4) the confession by one defendant, if introduced and proved, could foreseeably operate to prejudice the jury against the other; and (5) one defendant who could give evidence for the other defendant would become a competent and compellable witness at the separate trials of the other defendants. *State v. Winston*, 281 Kan. 1114, 1131, 135 P.3d 1072

(2006) (quoting *State v. Butler*, 257 Kan. 1043, 1063, 897 P.2d 1007 [1995]).

The facts do not support application of any of these factors. Harris and Laster presented mutually consistent defenses. There is no showing that evidence in favor of Harris was excluded because of the joint trial. There is no showing that evidence against Laster was presented that would have been excluded against Harris in a separate trial. There is no evidence of a confession by Laster that was prejudicial to Harris. Finally, there is no showing that either Harris or Laster could have been compelled to testify against the other.

Witnesses testified that Laster made a statement expressing his intention to kill Moore. It is unclear how that statement should have compelled separate trials. Both Harris and Laster maintained that they only were looking for Moore in the hope of locating Laster's stolen car. As an aider and abettor, the same testimony could have been presented in a separate trial of Harris.

Trial counsel was not ineffective for not requesting severance of the trial when the law did not support holding separate trials.

For his third and final issue, Harris argues that trial counsel was ineffective for failing to develop facts at the preliminary hearing that would have established a basis for a motion to dismiss. Harris mentions this as an issue in his statement of issues, but he does not address or argue the issue in the body of his brief. An issue not briefed by the appellant is deemed waived or abandoned. *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008); *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

The record contains no evidence that indicates Harris' trial counsel committed errors of constitutional magnitude in planning and developing his trial strategy or in his conduct at the trial.

We affirm the district court's finding that trial counsel was not ineffective.