NOT DESIGNATED FOR PUBLICATION

No. 118,396

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARVIN B. DAVIS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed November 9, 2018. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney at Law, LLC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Marvin B. Davis Jr. appeals from the district court's summary denial of his postconviction motion for relief from judgment under K.S.A. 60-260(b)(6). In this appeal, Davis contends the district court erred by construing his motion as one filed under K.S.A. 60-1507 instead of K.S.A. 60-260(b)(6) as pled. Davis argues that relief under K.S.A. 60-260(b)(6) is proper because he is seeking to reopen a prior habeas proceeding for application of the correct legal standard and not seeking to collaterally attack his criminal conviction or sentence. But K.S.A. 60-260(b) cannot be used to collaterally attack a criminal conviction or sentence and Davis' attempt to reopen his prior

1

habeas proceeding is, at its core, indistinguishable from initiating a collateral attack on his conviction or sentence. Moreover, we find that the issue presented is barred under the doctrine of res judicata. Accordingly, we affirm.

FACTS AND PROCEDURAL BACKGROUND

The facts relevant to this appeal are set forth in *Davis v. State*, No. 104,281, 2011 WL 3250578, at *1-2 (Kan. App. 2011) (unpublished opinion):

"Davis was convicted in 1997 in Case No. 96 CR 2192 of aggravated kidnapping, aggravated indecent liberties with a child, aggravated burglary, and domestic battery. His convictions were affirmed on direct appeal in 1999. See *State v. Davis*, No. 79,553, unpublished opinion filed May 28, 1999, *rev. denied* 268 Kan. 890 (1999). Davis continued to file pro se motions in the criminal case, however, and the record shows that he appealed from these motions at least twice. The records and files of this court show that Davis has also appealed several times in other K.S.A. 60-1507 actions.

"The matters at issue on this appeal were raised in a 2006 motion for new trial Davis filed in the criminal case. Davis sought a new trial based on newly discovered evidence that 911 tapes established 'the true timeline of the allegations,' making it 'impossible and contrary to nature' for him to commit the crimes. The district court denied Davis' motion.

"Davis appealed the adverse ruling, and the district court appointed Carl Maughan as counsel. The case was docketed as appellate Case No. 98,674. This court issued a show cause order citing K.S.A. 22-3501(1), which allows a motion for new trial based on newly discovered evidence 'within two years of final judgment.' Davis was ordered to show cause why his appeal should not be dismissed for lack of jurisdiction since his motion was filed about 7 years after his convictions were affirmed on appeal.

"Maughan did not respond to the show cause order, and this court dismissed the appeal. Maughan then moved on Davis' behalf for reconsideration. In his motion, Maughan acknowledged that he had received the show cause order but explained 'it was not flagged for further action.' Maughan contended his failure was inadvertent, and he asked this court to consider his response.

"For the response, Maughan acknowledged the '911 records may not be "new" as defined by case law interpreting K.S.A. [22-3501], in that they may have been able to have been produced at trial with reasonable diligence.' Nevertheless, Maughan suggested that Davis' trial counsel 'may' have failed 'to exercise "due diligence" to obtain the records which may have undermined the timeline alleged by the State.' Maughan thus equated Davis' new trial motion based on newly discovered evidence with a K.S.A. 60-1507 motion based on ineffective assistance of counsel. Maughan pointed out that a K.S.A. 60-1507 motion was not subject to the 2 year limitation of K.S.A. 22-3501(1), although he did concede 'there may have been some statutory hurdles . . . before proceeding as a [60-]1507 motion. Specifically, the issues regarding the one year time limit in which to file a motion under K.S.A. 60-1507, and consideration of whether the current motion may have been successive.'

"This court noted Maughan's response but still denied reconsideration. Maughan petitioned for review. On December 18, 2007, our Supreme Court denied the petition for review.

"On April 9, 2008, Davis filed yet another pro se K.S.A. 60-1507 motion. Davis claimed that Maughan had provided ineffective assistance of counsel in appellate Case No. 98,674. In particular, Davis alleged that Maughan's 'untimely response to show cause resulted in dismissal of appeal.' Additionally, Davis repeated his newly discovered evidence argument, and he made further reference to ineffective assistance of counsel at his sentencing.

"The district court appointed counsel for Davis and held a nonevidentiary hearing. The district court ruled this latest K.S.A. 60-1507 motion was untimely because Davis' 'direct appeal was final in 1999,' and Davis had 'not shown that manifest injustice requires untimely review.' The district court separately ruled the motion was successive because Davis had not 'identified any exceptional circumstances justifying review.'"

On appeal, Davis argued that his K.S.A. 60-1507 motion was timely because he filed it within one year of the dismissal of appellate case No. 98,674. A panel of this court rejected Davis' argument on grounds that the one-year time limitation in K.S.A. 60-1507(f)(1)(i) applied to the termination of a direct appeal. *Davis*, 2011 WL 3250578, at *2. The panel further held that Davis had failed to establish manifest injustice under K.S.A. 60-1507(f)(2) in order to justify this court's consideration of his untimely motion.

3

2011 WL 3250578, at *3. Davis filed a petition for review with our Supreme Court, which was denied on December 2, 2011.

On February 17, 2017, Davis filed a pro se motion entitled "Motion to Vacate Judgment for Denial of Jurisdiction under K.S.A. 60-1507(f)(2)." In the motion, Davis sought relief under K.S.A. 2017 Supp. 60-260(b)(6) and asked the district court to vacate its prior ruling denying his April 2008 K.S.A. 60-1507 motion because the court had analyzed his claims under an incorrect legal standard. Specifically, Davis argued that in evaluating the timeliness of his motion, the district court failed to address whether he had made a colorable claim of actual innocence under K.S.A. 2017 Supp. 60-1507(f)(2)(A). Davis alleged that the district court's failure in this regard also prevented this court from reviewing this same claim in appellate case No. 104,281.

The district court summarily denied Davis' motion. Construing the motion as one filed under K.S.A. 60-1507, the court held: "This case was previously dismissed as successive. Further, the [court denied] the movant's claim of manifest injustice arising from unsupported claim of actual innocen[c]e. The court's prior judg[]ment was affirmed on appeal. [T]he present motion raises issues that were or should have been raised on appeal."

Davis filed a motion to alter or amend the judgment, alleging that the case should be reopened in order to litigate his actual innocence claim on the merits. The district court summarily denied relief, finding that Davis' motion was successive and without merit.

ANALYSIS

On appeal, Davis argues the district court erred by construing his motion as one filed under K.S.A. 60-1507, asserting that the court instead should have treated it as a K.S.A. 60-260(b)(6) motion. He claims that when the district court, and later this court,

4

denied his April 2008 K.S.A. 60-1507 motion, both courts failed to address whether he had made a colorable claim of actual innocence in analyzing manifest injustice under K.S.A. 60-1507(f)(2). Davis asks for his case to be reopened in order for the district court to evaluate his claim of actual innocence. To that end, he requests relief under K.S.A. 2017 Supp. 60-260(b)(6), which allows a court to provide relief from any final judgment for "any . . . reason that justifies relief."

We conclude the district court properly denied Davis' motion for two reasons: (1) Davis filed his motion under a civil procedure statute that cannot be used to collaterally attack a criminal conviction or sentence and (2) the actual innocence issue he attempts to assert is barred under the doctrine of res judicata. Both of these defects present questions of law subject to unlimited review by this court. *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014).

In *Kingsley*, our Supreme Court held that statutory provisions such as K.S.A. 60-260(b), which provide means for relief from void or voidable judgments in civil proceedings, may not be used as a platform from which to mount a collateral attack on a criminal conviction and sentence. 299 Kan. 896, Syl. ¶ 1 ("K.S.A. 60-1507 provides the exclusive statutory procedure for collaterally attacking a criminal conviction and sentence. Therefore, neither K.S.A. 2011 Supp. 60-260[b] nor K.S.A. 60-2606 can be used for that purpose."); see *Dixon v. State*, No. 112,676, 2015 WL 5311295, at *2 (Kan. App. 2015) (unpublished opinion) (applying rule to underlying K.S.A. 60-1507 motion). Although the *Kingsley* court cited the 2011 version of K.S.A. 60-260(b), the relevant statutory language has not changed since *Kingsley* was decided. See K.S.A. 2017 Supp. 60-260(b).

Davis acknowledges the holding in *Kingsley* but alleges it is distinguishable because he alleges a defect in the habeas proceedings, whereas Kingsley reasserted substantive claims that previously were raised. But this is a distinction without a

difference because "there must be a procedural vehicle for presenting the argument to the court." *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Davis has provided us with no such vehicle here, as K.S.A. 60-260 cannot be used to collaterally attack a criminal conviction and sentence. See *Kingsley*, 299 Kan. 896, Syl. ¶ 1. There is no evidence that our Supreme Court is departing from its decision in *Kingsley*; thus, we are duty bound to follow Kansas Supreme Court precedent. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

In addition, Davis' claim is barred by the doctrine of res judicata. Claims are barred under the doctrine of res judicata if the following elements are met: "'[1] same claim; [2] same parties; [3] claims [that] were or could have been raised; and [4] a final judgment on the merits.'" *Kingsley*, 299 Kan. at 901.

Here, Davis' assertion of a procedural defect in the habeas proceedings is premised on the argument that the district court, and later this court, failed to address his claim of actual innocence in evaluating manifest injustice under K.S.A. 60-1507(f)(2). But this argument is contrary to the record. In dismissing the motion at issue, the district court specifically referenced its prior denial of Davis' "claim of manifest injustice arising from [an] unsupported claim of actual innocen[c]e." This court also addressed Davis' actual innocence argument in appellate case No. 104,281:

> "The legislature provided in K.S.A. 60-1507(f)(2): 'The time limitation herein may be extended by the court only to prevent a manifest injustice.' Davis contends the district court 'never addressed the application of K.S.A. 60-1507(f)(2).' We disagree. The district court found Davis had not shown a manifest injustice.
>
> "To show manifest injustice, Davis would need to establish the existence of newly discovered evidence. He apparently cannot, as Maughan essentially acknowledged, but more importantly, Davis does not dispute the point on appeal. Davis merely repeats

his 'claim of actual innocence.' A bare-boned claim of actual innocence does not establish a basis for a new trial under K.S.A. 22-3501(1).

"Davis would also need to show that Maughan's failure to respond prejudiced him. Given Davis not only fails to show newly discovered evidence, but also filed his motion more than 2 years after trial, we see no prejudice. See *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009) (ineffective assistance of counsel standards for prejudice). Maughan, moreover, did eventually raise arguments in response to the show cause order, which were noted and rejected. The record does not show anything "'obviously unfair'" or "'shocking to the conscience.'" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007)." *Davis*, 2011 WL 3250578, at *3.

Davis already raised, and this court resolved, his claim that the courts did not address his actual innocence argument in evaluating manifest injustice under K.S.A. 60-1507(f)(2). Thus, it is barred under the doctrine of res judicata.

We conclude that the procedure Davis attempts to use in the present case is inappropriate and that his motion is barred by the doctrine of res judicata. As a result, the district court did not err in summarily dismissing Davis' motion. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (if district court reaches correct result, its decision will be upheld even though it relied upon wrong ground or assigned erroneous reasons for its decision).

Affirmed.