NOT DESIGNATED FOR PUBLICATION

No. 120,294

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEWAYNE KEITH CUSHINBERRY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed December 6, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Dewayne Keith Cushinberry appeals the summary denial of his K.S.A. 60-1507 motion. He claims he received ineffective assistance of counsel. The decision to call or not call a witness after reasonable investigation is a decision left to trial counsel. We observe no error by Cushinberry's trial counsel under the facts as presented. The district court did not error in granting summary denial of Cushinberry's K.S.A. 60-1507 motion. We affirm.

1

FACTS

The State charged Cushinberry with aggravated robbery, a severity level 3 person felony. After his first jury trial resulted in a hung jury, a jury in his second trial convicted Cushinberry of aggravated robbery. At trial, Kristie Price testified she gave Cushinberry and a woman known as "Angie" a ride to Price's mother's house. The three of them later left her mother's house in Price's car. Price drove Cushinberry and Angie to an apartment complex. Price then gave Cushinberry $50 to get out of the car and leave her alone. But when Cushinberry got out of the car, he opened the driver's side door, pulled Price out of the car by her hair, and began hitting and kicking her. Price testified Cushinberry and Angie stole her purse before they fled the scene. Cushinberry testified in his own defense and denied beating or robbing Price. Angie did not testify at the jury trial.

Another panel of this court affirmed Cushinberry's conviction and sentence on direct appeal. *State v. Cushinberry*, No. 103,023, 2011 WL 1196914 (Kan. App. 2011) (unpublished opinion).

Cushinberry timely filed a pro se motion under K.S.A. 60-1507. Cushinberry alleged his trial counsel was ineffective because he failed to:

- Call Price's mother to testify;
- Introduce a note written by Price's mother at trial, which allegedly stated, "D is innocent, my daughter is a liar, this D.A. doesn't want me to testify";
- Call an expert witness to testify about Price's injuries;
- Provide him with trial transcripts after the trial;
- Object to certain allegedly improper statements by the prosecutor during closing argument; and
- Investigate "any express or tacit agreements" between the State and its witnesses or question the State's witnesses about it at trial.

2

He also alleged the prosecutor committed misconduct by:

- Failing to disclose "any express or tacit agreements" it had with its witnesses;
- Making "kicking and stomping" motions in front of the State's witnesses in the hallway outside the courtroom; and
- Making certain "improper" statements during closing argument.

The district court summarily denied all but one of Cushinberry's claims. It set a preliminary hearing on the State's alleged failure to disclose and trial counsel's alleged failure to inquire about agreements between the State and its witnesses. The district court found Cushinberry failed to show any such agreements existed and denied relief. Cushinberry timely appeals.

ANALYSIS

Cushinberry limits his appeal to the district court's summary denial of his claim trial counsel was ineffective for not calling Price's mother to testify or entering into evidence a note from Price's mother which allegedly stated: "D is innocent. My daughter is a liar, the D.A. doesn't want me to testify."

Cushinberry fails to brief or argue any of his prior arguments addressing ineffective assistance of counsel and prosecutorial misconduct claims he presented to the district court. Cushinberry has therefore abandoned these arguments. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are deemed waived or abandoned).

When the district court summarily denies a K.S.A. 60-1507 motion, this court conducts a de novo review to determine whether the motion, files, and records of the case

3

conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

District courts have three options when considering a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid summary denial of a K.S.A. 60-1507 motion, the movant has the burden to establish entitlement to an evidentiary hearing. To meet this burden, the movant's contentions must be more than conclusory. The movant must set forth an evidentiary basis to support his or her contentions, or the evidentiary basis must appear in the record. If the movant makes such a showing, the district court must hold a hearing unless the motion is a successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

Under K.S.A. 2018 Supp. 60-1507(b), the district court must set aside a movant's conviction if "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting federal constitutional standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). Thus, ineffective assistance of counsel is a "denial or infringement" of a

4

constitutional right making the district court's judgment vulnerable to collateral attack. See K.S.A. 60-1507(b).

To prevail on an ineffective assistance of counsel claim, a defendant must prove: (1) counsel's performance fell below an objective standard of reasonableness; and (2) prejudice, i.e., there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Strickland*, 466 U.S. at 687.

This court's review of counsel's performance must be highly deferential. *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009). Counsel has the sole authority to make certain strategic decisions, including what witnesses to call and whether and how to conduct cross-examination. *Thompson v. State*, 293 Kan. 704, 716, 270 P.3d 1089 (2011). Strategic decisions made after a thorough investigation of law and facts relevant to realistically available options are virtually unchallengeable. Strategic decisions made after a less than complete investigation are reasonable to the extent that reasonable professional judgment supports the limitation on counsel's investigation. *Sola-Morales*, 300 Kan. 875, Syl. ¶ 7. It is Cushinberry's burden to show his trial counsel's alleged deficiencies were not the result of strategy. See *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004).

Cushinberry argues in his brief his trial counsel did not adequately investigate the alleged note, and such an investigation may have produced evidence relevant to his defense. But Cushinberry did not make this argument in his K.S.A. 60-1507 motion; rather, he asserted:

"INEFFECTIVE ASSISTANCE OF COUNSEL

. . . .

"[Trial counsel] failed to call [Price's mother] to the stand and failed to submit note written by [Price's mother], which states 'D is innocent, my daughter is a liar, the D.A.

5

doesn't want me to testify.' And given to [trial counsel], by his administrative assistant, whom [received] the note from [Price's mother], during testimony in my first trial."

Generally, "[i]n construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements," but "[a] court is not required to divine every conceivable interpretation of a motion." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Liberally construing Cushinberry's K.S.A. 60-1507 motion, he still did not allege his trial counsel inadequately investigated the alleged note. Instead, he argued his trial counsel was ineffective because he failed to call Price's mother to testify or introduce the alleged note into evidence. In his brief, Cushinberry provides no reason why this court should address an issue different than the one he raised before the district court. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) (litigants must explain why an issue not raised below is properly before this court).

Cushinberry's allegation in his K.S.A. 60-1507 motion fails to show his trial counsel's decision not to call certain defense witnesses or introduce the note from Price's mother as evidence at trial was objectively unreasonable. As Cushinberry concedes in his brief, his trial counsel had the sole authority to decide whether to call Price's mother to testify or try to introduce Price's mother's note—assuming it existed—as evidence at trial. See *Thompson*, 293 Kan. at 716.

Cushinberry's motion was unclear as to what evidence Price's mother could have offered at trial beyond her statement in the alleged note since Price's mother was not a witness to the aggravated robbery. The alleged statement by Price's mother, "my daughter is a liar," is an express attack on Price's credibility. Price testified at trial and the truthfulness of a witness is for the jury to decide. See *State v. Albright*, 283 Kan. 418, 430, 153 P.3d 497 (2007) ("A witness may not express an opinion on the credibility of another witness."). Cushinberry's motion provided no basis for how Price's mother's note

6

or testimony could have been offered at trial other than to attack Price's credibility. His motion, therefore, failed to set forth a substantial issue showing trial counsel's performance was deficient. Absent evidence of deficient performance by counsel, we need not address the prejudice prong of *Strickland*. Cushinberry's ineffective assistance of counsel claim fails.

Although we do not need to address prejudice, for the sake of completeness, we observe if there was ineffectiveness, given the multiple eyewitnesses to the crime, any error would be harmless.

Because Cushinberry's K.S.A. 60-1507 motion, the court files, and other records conclusively show Cushinberry is not entitled to relief, summary denial of his claim was warranted. Cushinberry failed to meet his burden to show he was entitled to an evidentiary hearing. Therefore, the district court did not err in summarily dismissing his claim. See *Sola-Morales*, 300 Kan. at 881.

Affirmed.